■ MENTAL HYGIENE LEGAL SERVICE, on Behalf of EDWARD G., Appellant, v PATRICIA LAMBERT et al., Defendants, and THOMAS MAUL, Respondent. [647 NYS2d 956] —In an action, *inter alia,* for declaratory and injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated February 15, 1995, as granted the branch of the motion of Thomas Maul, Acting Commissioner, New York State Office of Mental Retardation and Developmental Disabilities, et al., which was to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that the defendant Thomas Maul, Acting Commissioner, New York State Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD), was not a proper party. The plaintiff is a mildly retarded individual with a history of psychiatric and medical disabilities. The plaintiff is currently hospitalized at Kingsboro Psychiatric Center (hereinafter KPC). KPC is operated under the auspices of the New York State Office of Mental Health (hereinafter OMH) *(see,* Mental Hygiene Law § 7.17 [b]). OMH, which is charged with the treatment of the mentally ill, and OMRDD, which is charged with the treatment of the mentally retarded and developmentally disabled, are independent offices *(see,* Mental Hygiene Law § 5.01). The Commissioner of each office is charged with overseeing his or her respective facilities

*(see,* Mental Hygiene Law § 1.03 [2]). Moreover, Mental Hygiene Law § 5.05 (d) (1) provides that the Commissioner of OMH "shall evaluate the type and level of care required by patients" in its facilities. However, OMH and OMRDD are obligated, where necessary, to cooperate with each other to develop programs and services to ensure that the needs of multiply disabled patients, such as the plaintiff, are provided for *(see,* Mental Hygiene Law § 5.05 [b]; §§ 7.07, 13.07). However, the plaintiff does not contend that such programs or services do not exist. He merely contends that they are not being provided to him at KPC. Since Richard Surles, as the Commissioner of OMH, and not Acting Commissioner Maul, is charged with overseeing the operations of KPC, Acting Commissioner Maul is not responsible for the adequacy of the care being provided to the plaintiff. Thompson, J. P., Altman, Hart and Florio, JJ., concur.